**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DAVID WELLING,** individually and on behalf of his spouse, Melanie Welling, and three minor children (MW, HW, and KW), | Case No._____ |
| Plaintiffs, | Judge _____ |
| v. | |
| **AMERICAN AIRLINES, INC.,** a Delaware corporation, | *Jury Demand* *Endorsed Hereon* |
| Defendant. | |

**COMPLAINT FOR DAMAGES ARISING FROM INTERNATIONAL
AIR CARRIER DELAY (WARSAW CONVENTION 1929 / HAGUE
PROTOCOL — PLED IN THE ALTERNATIVE; MONTREAL
CONVENTION 1999 — PLED IN THE ALTERNATIVE)**

**I. INTRODUCTION**

1.     This action seeks treaty damages for multi-day delays caused by American Airlines' mechanical and crewing failures during Plaintiffs' international itinerary from Nassau, The Bahamas to Cleveland, Ohio, including an overnight tarmac episode, consecutive cancellations/delays, and unsafe, substandard hotel accommodations arranged by American during the delay—culminating in bed-bug bites to Mr. Welling.  American later acknowledged "multiple mechanical delays, overnight stays, and unsatisfactory accommodations" and invited receipts for reimbursement, crediting AAdvantage miles and trip credits.   (See the Aug. 19, 2025 communication from American Airlines (with boarding pass) appended hereto as "Exhibit 1.")

2. Because the itinerary was international, Plaintiffs' claims are governed exclusively by the operative air-carrier treaty regime. *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 169–76 (1999) (confirms exclusivity (no parallel state-law remedies where the treaty applies)).

3. Plaintiffs plead under the Warsaw Convention (as amended by The Hague Protocol) and, in the alternative, under the Montreal Convention, to preserve all treaty avenues. As explained below, The Bahamas is a High Contracting Party to Warsaw/Hague but, while a signatory to Montreal, has not deposited an instrument of ratification; thus Warsaw/Hague may govern carriage between Nassau and the United States.

## II. PARTIES

4. Plaintiff David Welling is a U.S. citizen domiciled in Summit County, Ohio. His spouse and three minor children (to be identified by initials in compliance with Fed. R. Civ. P. 5.2) were passengers on the same itinerary.

5. Defendant American Airlines, Inc. ("American") is a Delaware corporation with its principal place of business in Fort Worth, Texas, operating regular air service to and from Cleveland Hopkins International Airport. The subject flights began and ended in Cleveland, Ohio, County of Cuyahoga.

## III. JURISDICTION & VENUE

6. Subject-matter jurisdiction lies under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under self-executing treaties (Warsaw/Hague or Montreal). See also, Montreal art. 33 and Warsaw art. 28 (special jurisdiction).

7. Venue is proper in this District and Division because Cleveland, Ohio, was the place of destination under the contract of carriage; the treaty allows suit at the destination. See Montreal art. 33(1); Warsaw art. 28(1).

## IV. FACTUAL ALLEGATIONS

8.      Plaintiffs were booked on American AA 250 from Nassau (NAS) to Miami (MIA) on Friday, July 18, 2025 (scheduled 6:35 p.m.), connecting the same evening on AA 363 from Miami to Cleveland (CLE).

9.      On July 18, American canceled AA 250 due to mechanical issues. Plaintiffs spent ~six hours at NAS awaiting updates/lines. American lodged them in a substandard hotel in a dingy and unsafe area; Mr. Welling suffered multiple bed-bug bites overnight.

10.     On Saturday, July 19, Plaintiffs returned to NAS for the rebooked flight. American's mechanical delays continued throughout the day. Plaintiffs were boarded and taxied to the runway, then parked for hours on the tarmac; the co-pilot timed out, forcing a return to gate and deplaning. After hours in line, American again lodged Plaintiffs in a shabby motel.

11.     Given two full days spent at the airport with dependent children, Plaintiffs requested a later departure on Monday, July 21.

12.     On Monday, July 21, more delays (again mechanical) preceded a re-routing to Charlotte (CLT) with a short connection to CLE. The CLT-CLE leg was again delayed for mechanical reasons, and Plaintiffs finally reached Cleveland in the early morning of Tuesday, July 22, exhausted.

13.     American's later written response acknowledged the disruptions and accommodations issues, apologized, and invited itemized receipts for reimbursement; it credited 7,500 AAdvantage miles to Mr. Welling and $50 trip credits for the other passengers (AA Ref. #1-38433123385). (Ex. 1.) Mr. Welling took no action to accept these paltry offerings.

14.     Plaintiffs incurred out-of-pocket losses (lodging, meals, ground transport, supplies for children, incidental expenses) and discomfort from bed-bug bites, as well as other foreseeable costs caused by the extended delay.

15.     The delays were not weather-related and were caused by American's mechanical and crewing failures, including inadequate maintenance readiness, equipment availability, and crew-scheduling practices that led to duty-time "timeout."

16.     To the extent any tarmac delay obligations are relevant, DOT's tarmac-delay rule requires contingency plans at U.S. airports; NAS is not a U.S. airport. See 14 C.F.R. § 259.4(a) (plans "at each U.S. … airport").

### V. TREATY FRAMEWORK

A. Warsaw Convention (1929) as amended by The Hague Protocol (1955)

17.     The Bahamas has declared itself bound by the Warsaw Convention and The Hague Protocol; therefore, international carriage between Nassau and the United States falls within Warsaw/Hague if Montreal does not apply.

18.     Warsaw Article 19: "The carrier is liable for damage occasioned by delay in the carriage by air of passengers, luggage or goods." Article 20 creates the defense of "all necessary measures" or impossibility. Article 28 authorizes suit at the place of destination. Article 29 provides a two-year limitations period. Article 24 makes Warsaw the exclusive remedy within scope. Article 25 removes liability limits for willful misconduct.

19.     U.S. Supreme Court precedent confirms the exclusivity principle (no resort to state law where treaty applies). *Tseng, supra*, 525 U.S. at 169–76.  "Accident" under Article 17 requires an unexpected or unusual external event.  *Air France v. Saks*, 470 U.S. 392, 405 (1985).

B. <u>Montreal Convention (1999) (pleaded in the alternative)</u>

20.　　Montreal Article 19 imposes delay liability unless the carrier proves "all measures … reasonably required" or impossibility. Article 22(1) limits delay damages per passenger and is periodically adjusted in SDR.  Articles 33 and 35 govern jurisdiction (including destination) and a two-year limitation.

21.　　ICAO implemented 2024 liability-limit revisions; for delay, the limit increased to 6,303 SDR per passenger, effective December 28, 2024 (applicable to July 2025 events).

22.　　While The Bahamas signed but apparently has not ratified Montreal (suggesting Warsaw/Hague applies), Plaintiffs plead Montreal in the alternative to ensure complete coverage.

## VI. CLAIMS

### COUNT I — WARSAW/HAGUE: LIABILITY FOR DELAY (Article 19)

23.　　Plaintiffs re-allege ¶¶ 1–22.

24.　　Plaintiffs' itinerary constituted international carriage under Warsaw (departure and destination in territories of High Contracting Parties; successive carriage considered a single operation).

25.　　American is liable for damage occasioned by delay. Warsaw Art. 19. American cannot meet its Art. 20 burden to prove that it and its agents took all necessary measures or that it was impossible to take such measures, in light of:

- two-day rolling mechanical irregularities and crew timeout;

- failure to provide timely substitute equipment/crew or interline transport;

- foreseeable cascading delays across multiple days and segments.

26. Plaintiffs' damages include foreseeable, out-of-pocket economic losses and related consequential expenses directly caused by the delay (lodging, meals, ground transportation, incidentals, and discomfort associated with bed-bug exposure at the airline-provided hotel).

27. To the extent American asserts liability limits, Plaintiffs allege willful misconduct (or conduct deemed equivalent under forum law) sufficient to break limits under Warsaw Art. 25, including reckless disregard in aircraft readiness/crewing and knowingly lodging passengers in unsafe, pest-infested accommodations.

28. Suit is timely within two years of the date on which the aircraft "ought to have arrived"/arrival at destination (Warsaw Art. 29), and venue/jurisdiction lie at the place of destination (Warsaw Art. 28).

WHEREFORE, Prayer on Count I: Damages under Warsaw Art. 19, with limits inapplicable if Art. 25 willful misconduct is proven; pre- and post-judgment interest, and costs.

### COUNT II — MONTREAL (ALTERNATIVE): LIABILITY FOR DELAY (Article 19)

29. Plaintiffs re-allege ¶¶ 1–28.

30. If the Court holds that Montreal governs this itinerary, American is liable for delay damages unless it proves that it took all measures reasonably required or that it was impossible to do so. Montreal Art. 19.

31. On these facts (multi-day mechanical and crewing failures, crew timeout, repeated cancellations/long tarmac delay, and inadequate passenger care), American did not take such measures.

32. Plaintiffs seek economic damages and other foreseeable out-of-pocket loss "occasioned by delay," subject to the per-passenger limit in Art. 22(1) as adjusted to 6,303 SDR (effective Dec. 28, 2024).

33.     Jurisdiction/venue are proper under Art. 33(1) (destination), and suit is within two years under Art. 35.

WHEREFORE, Prayer on Count II (Alternative): Judgment for Plaintiffs under Montreal Art. 19, with damages up to 6,303 SDR per passenger (or such further amount as may be applicable by subsequent ICAO adjustment at judgment), plus pre- and post-judgment interest and costs.

### COUNT III — NEGLIGENT PROVISION/SELECTION OF ACCOMMODATIONS (ALTERNATIVE, ONLY IF TREATY DOES NOT APPLY TO THIS INJURY)

34.     Plaintiffs re-allege ¶¶ 1–33.

35.     In the alternative—and only if the Court determines that the bed-bug injuries at the airline-provided hotel fall outside the temporal/spatial scope of the applicable treaty—American owed Plaintiffs a duty of reasonable care in arranging overnight accommodations during carrier-caused disruptions and breached that duty by lodging the family in unsafe, pest-infested premises, proximately causing bodily injury to Mr. Welling and related expense. See, e.g., Ohio negligence elements (duty, breach, causation, damages).

WHEREFORE, Prayer on Count III (Alternative only): Compensatory damages under Ohio law for personal injury and related losses; pre- and post-judgment interest and costs. (Plaintiffs acknowledge that treaty exclusivity may preempt this count; it is pled in the alternative to preserve the claim should the Court deem the injury outside treaty scope.)

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment:

A. On Count I (Warsaw/Hague): Awarding damages for delay under Article 19, with any liability limits removed upon proof of willful misconduct per Article 25;

B. Alternatively, on Count II (Montreal): Awarding damages for delay under Article 19 up to 6,303 SDR per passenger under Article 22(1) (as adjusted), plus interest and costs;

C. Alternatively (only if non-preempted), on Count III: Awarding Ohio-law negligence damages for the bed-bug injuries and related losses;

D. Attorney's fees and costs and such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable (Fed. R. Civ. P. 38).

Most Respectfully Submitted,

/s/ *John D. Gugliotta*
**JOHN D. GUGLIOTTA (Ohio Bar No. 62809)**
Gugliotta & Gugliotta, LLP
P.O. Box 506
Richfield, Ohio 44286
Tel.    (330) 253-2225
Fax    (330) 253-6658
Email   johng@inventorshelp.com

*Counsel for the Plaintiffs*

**EXHIBIT 1 — American Airlines Customer Relations Letter (Aug. 19, 2025)**

(acknowledging "multiple mechanical delays, overnight stays, and unsatisfactory accommodations," inviting receipts, and issuing miles/trip credits; AA Ref. # 1-38433123385).

choken-welling.com Mail - Your …

&

Boarding Pass for one of the legs

Case: 1:26-cv-01833-SO Doc #: 1 Filed: 08/04/26 10 of 12. PageID #: 10



**David Welling <davidw@choken-welling.com>**

## Your Response From American Airlines

1 message

| | |
|---|---|
| **AmericanAirlinesCustomerRelations@aa.com** <AmericanAirlinesCustomerRelations@aa.com> | Tue, Aug 19, 2025 at 2:29 AM |

To: davidw@choken-welling.com





August 19, 2025

Hello Mr. Welling:

On behalf of American Airlines, thank you for taking the time to share the details of your recent travel experience. I want to begin by expressing our sincere apologies for the series of disruptions and discomforts you and your family endured. The circumstances you described - multiple mechanical delays, overnight stays, and unsatisfactory accommodations - are deeply concerning and certainly not reflective of the standard of service we strive to provide.

We understand how distressing it must have been to face repeated setbacks, especially while traveling with children and during what should have been a smooth journey. Your frustration is entirely valid, and we appreciate your candor in outlining the impact this situation had on your family. We apologize that your flight AA2250 from Nassau did not go as planned on July 18, 2025. There is no question that traveling can be challenging, and when operational challenges are added to the mix, it's just that much more difficult.

We would be happy to consider your claim. Please send us itemized receipts and supporting documents for review.

For hotels, this would include the itemized guest folio/guest account card. For meals, this receipt would include the restaurant name, date of service, each menu item purchased with the corresponding price, and the total amount of the bill.

You can provide your receipts for further review and consideration by replying directly to this email. Simply add each receipt image individually to your reply as an attachment file. You can use your smartphone to photograph your receipts and submit them with any supporting documents using file types such as JPG, TIF, BMP, PNG, GIF, DOC, PDF, and XLS. It's important to note that our system cannot process High Efficiency Image Files (.heic), which are proprietary to certain technology devices. Also, the images need to be clearly legible.

Any eligible reimbursement will be mailed via standard US Mail. Please provide your full mailing address to avoid delays.

As a tangible apology, and in hopes of restoring your confidence in us, I've credited your AAdvantage® account with 7,500 bonus miles. The adjustment should be reflected in your account shortly. Additionally, I've made arrangements for a $50.00 trip credit to be sent to the rest of the passengers via separate emails to use toward the purchase of a ticket for travel on American Airlines or American Eagle® within one year from the date of issue, unless otherwise listed. While a Trip Credit is nontransferable and cannot be sold or bartered, it can be used to buy a ticket for anyone. It may also be helpful to know that although the Trip Credit must be applied toward a ticket prior to expiring, travel can extend past the expiration date. All applicable terms and conditions can be viewed by clicking here.

We appreciate your AAdvantage® loyalty very much, Mr. Welling, and hope to have the opportunity to welcome you on board another American Airlines flight.

Sincerely,

Johnny LeBron

Customer Relations

American Airlines

AA Ref#1-38433123385

The information in this email is confidential and is intended solely for the addressee(s); access to anyone else is unauthorized. If this message has been sent to you in error, do not review, disseminate, distribute or copy it. If you are not the intended recipient, please delete this email from your email system.

If your comments are related to American Airlines service to, from, or in the United Kingdom and we have reached an impasse in terms of resolving your complaint, please know that we are obligated by the Civil Aviation Authority (CAA) to inform you that you may contact a CAA-approved Alternative Dispute Resolution (ADR) provider competent to deal with airline service complaints. American Airlines, however, does not participate with an ADR in resolving disputes.

RESPCONID: 1-HOR513P:

RESPID:1-HOR513N:

TID:1-HNM37SP:

PROCESS:Response:

CONTACTID:1-HNM37SM:

